UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN J. EILER,<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED STATES POSTAL AGENCY, et al.,<br><br>   Defendants. | Case No. 15-cv-04932-DMR<br><br>**ORDER ON MOTIONS FOR ELECTRONIC FILING AND SERVICE AND ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE TRANSFERRED** |

Plaintiff Erin J. Eiler filed this action on October 27, 2015. On November 9, 2015, Plaintiff filed a "Motion for Address Change," in which she cites an Illinois Supreme Court rule in support of her request to be served at her email address. [Docket No. 10.] She also filed a "Motion for Electronic Filing," in which she requests permission to electronically file documents in this case. [Docket No. 12.] Both motions are denied, since Plaintiff failed to provide any information about whether she meets the technical requirements for e-filing and Illinois court rules are not applicable in this Court.[1]

Additionally, according to Plaintiff's complaint, the primary incidents that form the basis of her complaint took place in South Dakota, and Plaintiff lives in Illinois. Pursuant to 28 U.S.C. § 1391, a case in which jurisdiction is not based solely on diversity of citizenship[2] may be filed only in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or

---

[1] *See* http://cand.uscourts.gov/ECF/proseregistration.

[2] In her complaint, Plaintiff states that she is filing under 42 U.S.C. § 2000e-5 and alleges that this court has federal question jurisdiction over this case.

omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Based on the allegations in the complaint, it appears that the proper venue for this case is the District of South Dakota because that is where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).  When a plaintiff files his or her case in the wrong district, the court must either dismiss the case or transfer it to the District Court in the correct district.  *See* 28 U.S.C. § 1406(a).  Thus, unless Plaintiff can show legal authority for venue in this district, the court will transfer the case to the District of South Dakota.  Accordingly, IT IS HEREBY ORDERED that, **by no later than December 4, 2015**, Plaintiff shall file a statement explaining why this case should not be transferred to the United States District Court for South Dakota.  Failure to respond by December 4, 2015 may result in dismissal of this matter for failure to prosecute.

**IT IS SO ORDERED.**

Dated: November 18, 2015



_____
Donna M. Ryu
United States Magistrate Judge